UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
LEOCADIA RODRIGUEZ, individually and on behalf of all others similarly situated,

                        Plaintiffs,

      -against-

EDISON'S RESTAURANT, LUIS ROBERTO MEDINA, and MALALO MEDINA A/K/A ZUNILDA NUÑEZ,

                        Defendants.
-------------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Leocadia Rodriguez, individually and on behalf of all others similarly situated, by her attorneys, Katz Melinger PLLC, complaining of the defendants, Edison's Restaurant ("Edison's"), Luis Roberto Medina ("Luis"), and Malalo Medina A/K/A Zunilda Nuñez ("Malalo") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New York Labor Laws §§ 190 *et seq.* and 650 *et seq.* ("NYLL"); the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code §§8-101 *et seq.* ("NYCHRL"); and any other cause of action which can be inferred from the facts herein.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state and city law pursuant to 28 U.S.C. § 1367, in that the New York state and city law claims are

so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant Edison's Restaurant is a business located 1203 Manor Avenue, Bronx, New York 10472.

10. Defendant Luis Roberto Medina is an individual residing, upon information and belief, in the State of New York.

11. Defendant Malalo Medina is an individual residing, upon information and belief, in the State of New York.

12. At all relevant times, Luis Roberto Medina and Malalo Medina (together the "Individual Defendants"), were and still are owners and/or persons in control of Edison's Restaurant, who exercised significant control over Edison's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising her performance.

14. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

16. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

17. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

19. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

20. Defendants operate in interstate commerce.

21. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

22. The First and Second Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of herself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

23. The FLSA Collective Plaintiffs consist of no less than ten (10) similarly situated current and former employees of Defendants who have been victims of Defendants' common

policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

24. While employed with Defendants, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA.

25. However, despite routinely working more than forty (40) hours per week, Plaintiff and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half times their regular hourly rate or the applicable minimum wage rate, whichever is greater, for the hours they worked in excess of forty (40) per week.

26. Furthermore, Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs at least the applicable minimum wage for all hours worked under the FLSA.

27. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum wage and failing to pay the applicable overtime rate for all time worked in excess of forty (40) hours per week.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

29. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

30. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable

through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

*Wage and Hour Claims*

31. Plaintiff worked for Defendants as a server and a phone attendant from in or around February 2019 until in or around March 10, 2020.

32. Plaintiff's primary job duties were to receive food orders over the phone, serve food to the customers in the restaurant, and wash dishes.

33. Throughout her employment, Plaintiff regularly worked six (6) days per week, from Tuesdays through Sundays, from approximately 11:00 a.m. until approximately 9:00 p.m., for a total of approximately sixty (60) hours per week.

34. Defendants neither tracked the hours Plaintiff worked, nor required Plaintiff to record her time.

35. Plaintiff was not afforded proper meal or rest breaks during her shifts.

36. Throughout her employment, Defendants paid Plaintiff a fixed weekly wage of $400.00 per week, regardless of the number of hours Plaintiff worked each week.

37. Defendants did not pay Plaintiff additional compensation for the hours worked in excess of forty (40) per week.

38. Additionally, based on Plaintiff's compensation and hours worked per week, Plaintiff's regular rate of pay routinely fell below the applicable federal and/or state minimum wage rates.

39. Plaintiff also frequently worked shifts that spanned at least ten (10) hours per day, but was not paid spread of hours pay of an additional hour's pay at the full minimum wage rate for every day in which her shift reached ten hours ("spread of hours pay").

40. Plaintiff was a non-exempt employee under the NYLL, and was entitled to minimum wages, spread of hours pay, and overtime compensation pursuant to the NYLL.

41. Defendants failed to pay Plaintiff her applicable New York State minimum wages and overtime wages, and failed to pay spread of hours pay for each day that Plaintiff worked a shift that spanned more than ten (10) hours.

42. Defendants also failed to furnish to Plaintiff a payroll notice at the time of her hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

43. Defendants further failed to furnish to Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

*Discrimination Claims*

44. In or around November 12, 2019, Plaintiff felt dizzy and almost fainted at work. Upon witnessing this, Malalo called Ms. Rodriguez's husband to transport Ms. Rodriguez to the hospital.

45. Upon examination at the hospital, Plaintiff discovered that she was pregnant.

46. The doctors informed Plaintiff that she had a high-risk pregnancy, and instructed her not to lift heavy objects.

47. Two (2) days later, on or around November 14, 2020, Ms. Rodriguez returned to work her regular shift and she informed her co-workers of her pregnancy

48. Plaintiff also informed Luis and Malalo that she was pregnant and that she could not lift heavy objects due to her high-risk pregnancy.

49. During the ensuing months, Defendants nonetheless required Plaintiff to lift heavy objects. Plaintiff's co-workers assisted Plaintiff in lifting heavy objects, and Plaintiff was otherwise able to perform her job duties.

50. On or around March 10, 2020, Plaintiff contracted Covid-19 and was quarantined for 14 days.

51. Once 14 days had passed, Plaintiff returned to Edison's but was told by Defendants that they would call her when they organized the schedule

52. Malalo stated to the staff that Defendants did not want to re-hire Plaintiff due to her pregnancy.

53. Although Plaintiff thereafter inquired several times about returning to work, Defendants did not place Plaintiff back on the schedule, thereby terminating her employment.

54. Based on Defendants' comments and actions, Defendants discriminated against Plaintiff by terminating her based on her gender and pregnancy, in violation of the NYSHRL and NYCHRL.

55. As a result of the acts and conduct complained of herein, Plaintiff has suffered lost wages and emotional distress.

56. As Defendants' actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff seeks punitive damages against Defendants.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(*Minimum Wage Violations under the FLSA*)

57. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

58. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wage for each hour they worked.

59. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wage for the hours they worked.

60. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

61. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

62. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

63. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

64. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular

8

hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

65. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

66. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

67. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Minimum Wages Violations under the NYLL*)

70. Plaintiff repeats and realleges all prior allegations set forth above.

71. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

9

72. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wage for the hours she worked.

73. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

74. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the NYLL)*

76. Plaintiff repeats and realleges all prior allegations set forth above.

77. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

78. Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

79. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

80. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

81. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

82. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Spread of Hours Violations under the NYLL)*

83. Plaintiff repeats and realleges all prior allegations.

84. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

85. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which she worked more than ten (10) hours.

86. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

87. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Payroll Notices Under the NYLL*)

88. Plaintiff repeats and realleges all prior allegations.

89. Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

90. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Payroll Notices Under the NYLL*)

91. Plaintiff repeats and realleges all prior allegations.

92. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

93. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*New York State Human Rights Law, Executive Law § 290 et seq.*)
(Gender and/or Pregnancy-Based Discrimination)

1. Plaintiff repeats and realleges all prior allegations.

2. Defendants' disparate and unlawful treatment of Plaintiff on the basis of her gender and/or pregnancy was in violation of the NYSHRL.

3. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to damages, to the greatest extent permitted under the law, in addition to reasonable attorneys' fees and expenses.

4. Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(New York City Human Rights Law, N.Y.C. Administrative Code Title 8)*
(Gender and/or Pregnancy-Based Discrimination)

5. Plaintiff repeats and realleges all prior allegations.

6. Defendants' disparate and unlawful treatment of on the basis of her gender and/or pregnancy was in violation of the NYCHRL.

7. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to damages, to the greatest extent permitted under the law, in addition to reasonable attorneys' fees and expenses.

8. Judgment should be entered in favor of Plaintiff and against Defendants on the Ninth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and

disbursements of this action, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court; on behalf of Plaintiff for all compensatory, emotional, physical, liquidated, and punitive damages, if

applicable, along with lost pay, front pay, reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined by this Court.

h) on the Eighth Cause of Action on behalf of Plaintiff for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined by this Court;

i) on the Ninth Cause of Action ; on behalf of Plaintiff for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined by this Court;

j) interest;

k) costs and disbursements; and

l) such other and further relief as is just and proper.

Dated: New York, New York
March 7, 2022

*/s/ Eliseo Cabrera*
Eliseo Cabrera
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
(212) 460-0047
edcabrera@katzmelinger.com
*Attorneys for Plaintiff*

15