# KATZMELINGER

370 LEXINGTON AVENUE, SUITE 1512
NEW YORK, NEW YORK 10017
www.katzmelinger.com

| | |
|---|---|
| Nicole Grunfeld | t: 212.460.0047 |
| Katz Melinger PLLC | f: 212.428.6811 |
| | ndgrunfeld@katzmelinger.com |

December 21, 2023

**Via ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Rodriguez v. Edison's Restaurant, Luis Roberto Medina, and Malalo Medina a/k/a Zunilda Nuñez*
            **Civil Action No. 1:22-cv-01909-VSB**

Your Honor:

      We are attorneys for plaintiff Leocadia Rodriguez and write jointly with attorneys for Edison's Restaurant, Luis Roberto Medina, and Malalo Medina a/k/a Zunilda Nuñez (together "Defendants," and, with Plaintiff, "the Parties") to seek approval of the Parties' agreement to settle the claims asserted against Defendants in the above-captioned matter.

      Plaintiff asserted nine (9) causes of action in this matter, including claims for minimum and overtime wage violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); failure to provide spread of hours wages, payroll notices, and wage statements under the NYLL; and discrimination under the New York State Human Rights Law and New York City Human Rights Law. The Parties write to respectfully request that the Court approve the enclosed settlement agreement and allow the Parties to discontinue the matter with prejudice.

**Background**

      This matter arises from Plaintiff's employment with Defendants, from in or around February 2019 until on or around March 10, 2020. Plaintiff worked as a server and a phone attendant at Edison's Restaurant, located at 1203 Manor Avenue, Bronx, New York 10472.

      <u>Plaintiff's Wage and Hours Claims</u>

      Plaintiff claims that throughout her employment, Defendants compensated her with a fixed wage of $400.00 per week, regardless of the number of hours she worked each week, and failed to

pay her an additional hour of pay at the basic minimum wage rate for each day that her shift spanned more than ten (10) hours. Plaintiff estimates that she is owed a total of approximately $24,738.00 in unpaid overtime and spread of hours wages. In addition, Plaintiff's regular rate of pay routinely fell below the applicable state minimum wage rates. Plaintiff estimates that she is owed a total of approximately $8,720.00 in unpaid minimum wages. Defendants dispute the foregoing claims.

Settlement History

The parties participated in court-ordered mediation on two separate occasions. At the second mediation session, Plaintiff and Defendants agreed to a full settlement of all claims between them, inclusive of attorneys' fees and costs, for $45,000 to be paid in monthly installments of $3,000.00 per month for fifteen (15) months. The amount agreed upon reflects a mutual desire to reach an amicable resolution in this matter without additional litigation.

**The Proposed Settlement Should Be Approved**

In matters such as this one, encompassing both FLSA and non-FLSA claims, the parties frequently execute two separate settlement agreements: one for the FLSA claims, which is subject to judicial review pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2017); and a private agreement settling the other claims, which is not subject to judicial review. While the Parties have executed a single agreement to settle all claims, the agreement should be treated as bifurcated to the extent that the settlement terms of Plaintiff's non-FLSA claims do not require court approval. *See, e.g., Gaspar v. Personal Touch Moving, Inc.,* 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("The broader release limited to Gaspar personally is not subject to the Court's scrutiny because it stems from a non-FLSA claim that happens to be settled in the same agreement."); *Chowdhury v. Brioni America, Inc.,* 2017 WL 5953171, at *6 (S.D.N.Y. Nov. 29, 2017). Because such agreements also resolve non-FLSA claims, they may contain clauses that are typically not permitted in FLSA agreements, such as confidentiality and general release clauses. *See id.*; *Gaspar,* 2015 WL 7871036, at *2. Accordingly, this Court's review or approval is not required for settlement terms related to Plaintiff's discrimination claims, and only Plaintiff's wage and hour claims are addressed herein.

1. The settlement amount is fair and reasonable

The Parties' proposed settlement agreement warrants approval as it is fair and reasonable under the totality of the circumstances. Courts in this district consider the following factors when determining if a settlement is fair and reasonable: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Beckert v. Ronirubinov*, 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (internal quotations omitted).

The agreement reflects a reasonable compromise of Plaintiff's claims. Plaintiff is represented by competent counsel, and attended two mediations to come to this settlement of

$45,000.00, which results in recovery to Plaintiff, after attorneys' fees and expenses, of $29,317.97. This sum is fair and reasonable given the early stage at which the settlement was reached, and the seriousness of the litigation risks faced by the parties. Specifically, there is a risk that Plaintiff would not prevail on all of her claims at trial, as well as the risk that Defendants, a small business, would be unlikely to be able to pay any larger recovery.

The proposed settlement is also the product of arm's-length bargaining between experienced counsel following extensive settlement discussions, including two mediations. Plaintiff and Defendants hold opposing views on the merit and value of Plaintiff's claims; however, the arm's length bargaining, along with the information shared during settlement negotiations, weighs in favor of finding the settlement reasonable.

Moreover, nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct. Through discovery and candid discussions between counsel, the Parties can assess the strengths and weaknesses of the asserted claims and their respective positions. *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("In considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching'") (citation and internal quotation marks omitted); *Aponte v. Comprehensive Health Mgmt., Inc.,* 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement") (citation and internal quotation marks omitted).

Furthermore, as Plaintiff is no longer employed by Defendants, coercion is unlikely. *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Cisneros v. Schnipper Rest. LLC,* 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) ("Although the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the Defendants, as is the case here") (citation and internal quotation marks omitted).

Additionally, after weighing the factors, the settlement should be allowed to proceed, as: (i) Plaintiff's alleged injuries will not recur as Plaintiff is no longer employed by Defendants; (ii) Defendants explicitly deny any wrongdoing; and (iii) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses. Continuing to develop the record will only serve to enlarge costs on both sides and will not serve any useful purpose. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

2. Plaintiff's counsel's fees are reasonable

Lastly, the Parties agree that the settlement amount is a reasonable compromise between Plaintiff and Defendants, and the proposed amount of attorneys' fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by counsel on behalf of Plaintiff. *See Wolinsky,* 900 F. Supp. 2d at 336-37; *Cisek v Natl. Surface Cleaning, Inc.*, 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there

was "no reason to conclude that plaintiffs' counsel benefited at the expense of their clients"). Thus, the settlement does not favor Plaintiff's counsel over Plaintiff.

Under the proposed agreement, Plaintiff's counsel would recover $14,658.99 in fees. Plaintiff's counsel spent $1,023.04 in expenses, including $402.00 in filing fees, $290 in process server fees, and $331.04 in translation service fees (The relevant invoices are attached hereto as **Exhibit 1**). Under Plaintiff's contingency fee agreement, Plaintiff's counsel is entitled to recover out of the settlement amount fees totaling one-third of any amounts recovered on behalf of Plaintiff, as well as costs and expenses. This fee should be approved, as "[a]n award of one third of the fund is consistent with what reasonable, paying clients pay in contingency employment cases." *Flores v. Anjost Corp.,* 2014 WL 321831, at *9 (S.D.N.Y. Jan. 29, 2014); *see also Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit"). The proposed fee award of one-third should also be approved because it was consensual and agreed to by Plaintiff. *See Mireku v. Red Vision Sys., Inc.,* 2013 WL 6335978 (S.D.N.Y. Dec. 6, 2013) (approving settlement and noting the consensual nature of the fee arrangement).

As indicated by Plaintiff's counsel's time records, attached hereto as **Exhibit 2**, Plaintiff's counsel has spent a total of 149.40 hours on this matter as follows: Kenneth Katz, 2.40 hours; Nicole Grunfeld, 33.70 hours; Adam Sackowitz, 0.10 hours, Eliseo Cabrera, 80.90 hours; Alexa Salazar, 19.50 hours; and Jonathan Trinidad-Lira, 12.80 hours. Plaintiff's counsel's hourly rates – $575, $525, $435, $375, $350, and $325, respectively – are reasonable based on Plaintiff's counsels' experience and are in line with the rates charged by attorneys in this district. *See Lilly v. City of New York,* 2017 WL 3493249, at *2 (S.D.N.Y. Aug. 15, 2017), aff'd in part, vacated in part, rev'd in part, 934 F.3d 222 (2d Cir. 2019) (reasonable hourly rate can range from $250 to $650). *See also Brown v. City of New York,* 2020 WL 6075524, at *4 (S.D.N.Y. Oct. 15, 2020) (approving rates up to $550 per hour for partners and collecting cases).

Mr. Katz is the founding member and managing partner of Katz Melinger PLLC, a boutique firm established in 2012. Mr. Katz earned his B.S. in 2000 from the State University of New York at Albany, and his J.D. in 2003 from Hofstra University School of Law, where he earned an award recognizing his achievements in the employment law field. Mr. Katz was admitted to the Bar of the state of New York in 2004, and has substantial experience handling wage and hour matters for more than 10 years.

Ms. Grunfeld is a partner at Katz Melinger PLLC and has focused primarily on plaintiffs' employment matters for more than 15 years. She earned her B.A. in 1998 from Yale University and her J.D. in 2004 from New York University School of Law. Ms. Grunfeld was admitted to the Bar of the state of New York in 2005 and currently serves as Vice-President of the Board of the New York chapter of the National Employment Lawyers Association.

Mr. Sackowitz is a senior associate at the firm. Mr. Sackowitz was admitted to the Bar of the state of New York in 2015, and has focused his practice on employment law for more than seven years. Mr. Sackowitz earned his B.S. from Cornell University in 2009 and his J.D. from the University of California at Los Angeles School of Law in 2014.

Hon. Vernon S. Broderick<br>
December 21, 2023<br>
Page 5

  Mr. Cabrera is an associate at the firm, and has focused on employment law for more than four years. He earned his B.A from the University of California, Berkeley in 2007, and his J.D. from City University of New York School of Law in 2015. He was admitted to the Bar of the state of New York in 2017.

  Ms. Salazar is an associate at the firm. She earned her B.S. from Cornell University in 2016 and her J.D. from St. John's University School of Law in 2020. She was admitted to the Bar of the state of New York in 2021.

  Mr. Trinidad-Lira is an associate at the firm. He earned his B.S. from Fordham University in 2019, and his J.D. from Seton Hall University School of Law in 2022. He was admitted to the Bar of the state of New York in 2023.

  The $14,658.99 fee sought by Plaintiff's counsel is well below Plaintiff's counsel's "lodestar" amount of $60,438.50 and is, therefore, reasonable. See *e.g. Huerta v. Aura Wellness Spa Corp.*, 2021 US Dist LEXIS 34360, at *3 (S.D.N.Y. Feb. 24, 2021) (finding that the sum sought by plaintiffs' counsel was reasonable, even though the fees slightly exceed thirty percent of the total recovery because "it is less than the 'lodestar' amount for Plaintiff's counsel.") As set forth herein, Plaintiff's counsel negotiated a favorable settlement for Plaintiff at an early stage of the lawsuit. Furthermore, by reaching a settlement with Defendants, Plaintiff avoids the risk of either receiving an unfavorable outcome in this matter or, if Plaintiff prevails in her claims, attempting to enforce a judgment against Defendants.

  Accordingly, the Parties respectfully request judicial approval of the Parties' proposed settlement agreement and further request to be allowed to submit a stipulation of dismissal with prejudice, consistent with the requirements of Fed. R. Civ. P. 41(1)(a)(ii).

Respectfully submitted,

| | |
|---|---|
| */s/ Nicole Grunfeld* | */s/ Michael Samuel* |
| Nicole Grunfeld | Michael Samuel |
| Katz Melinger PLLC | The Samuel Law Firm |
| 280 Madison Avenue, Suite 600 | 1441 Broadway, Suite 6085 |
| New York, New York 10016 | New York, NY 10018 |
| (212) 460-0047 | (914) 967-2753 |
| ndgrunfeld@katzmelinger.com | michael@thesamuellawfirm.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |