UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
LEOCADIA RODRIGUEZ, *individually and* :
*on behalf of all others similarly situated*, :
:
Plaintiff, :  22-CV-1909 (VSB)
:
-v-  : **OPINION & ORDER**
:
:
EDISON'S RESTAURANT, LUIS :
ROBERTO MEDINA, and MALALO :
MEDINA A/K/A ZUNILDA NUÑEZ. :
:
Defendants. :
:
----------------------------------------------------------X

Appearances:

Nicole Deanna Grunfeld
Eliseo Cabrera
Katz Melinger PLLC
New York, NY
*Counsel for Plaintiff*

Edison's Restaurant
Luis Roberto Medina
Malalo Medina a/k/a Zunilda Nuñez
*Pro se*

VERNON S. BRODERICK, United States District Judge:

The parties have advised me that they have reached a settlement agreement in this case involving claims brought under the Fair Labor Standards Act ("FLSA"). (Doc. 74.) Parties may not privately settle FLSA claims absent the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807, 810 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and

1

reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).

Upon review of the parties' materials and for the reasons stated below, I find that the settlement of the parties is fair and reasonable, and therefore approve it.

I.      **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 597 (2d Cir. 2020).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600. In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). A fee may not be reduced "merely

because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (citation omitted).

## II.     Discussion

Pursuant to my Order entered December 14, 2023, (Doc. 73), the parties submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable, (Doc. 74 ("Ltr.")). Also before me are the parties' proposed settlement agreement, (Doc. 74-3 ("Agreement")), invoices for legal costs incurred in this matter, (Doc. 74-1), the billing records of Plaintiff's attorneys, (Doc. 74-2), a declaration of Plaintiff's attorney Eliseo Cabrera that includes an explanation of Plaintiff's claimed damages, (Doc. 52 ("Cabrera Decl.")), and a spreadsheet containing a calculation of Plaintiff's damages, (Doc. 54) ("Damages Chart")).[1] I have independently reviewed the Agreement and the supporting evidence in order to determine whether the terms of the Agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the Agreement of the parties.

### A.     *Settlement Amount*

The Agreement provides for the distribution to Plaintiff of $45,000, inclusive of attorneys' fees and expenses, "in consideration for and in full satisfaction of all causes of action,

---

[1] Plaintiff submitted these documents on February 21, 2023 in order to seek a default judgment against Defendants. (*See* Docs. 50–55.) Although Defendants eventually reached a settlement with the assistance of pro bono counsel, (*see* Docs. 58, 63), I find the damages information submitted in support of default judgment helpful in analyzing whether the settlement is fair and reasonable. Additionally, I find Defendant Edison's Restaurant to have been represented as a corporate defendant by pro bono counsel during mediation and by its owners, Defendants Luis and Malalo Medina, for purposes of the settlement. *Cf. Burgos v. San Miguel Transp., Inc.,* No. 16-CV-5929, 2016 WL 7015760, at *1 n.1 (S.D.N.Y. Dec. 1, 2016) (explaining that for the "limited purpose" of a FLSA settlement, a corporation may be represented by its agents that are parties to the action).

3

claims, and suits of Plaintiff against Defendants." (Agreement ¶ 2(a).) Plaintiff's claims comprise two categories: wage-and-hour claims to which FLSA's settlement-approval provision applies, (*see* Doc. 1 ¶¶ 31–43), and pregnancy discrimination claims to which FLSA's settlement provision does not apply, (*see id*. ¶¶ 44–56). By Plaintiff's estimation, the total potential recovery on her wage-and-hour claims is approximately $76,916, and her total potential recovery on her discrimination claims is approximately $145,450, comprising $95,450 in lost income and $50,000 in emotional damages. (Damages Chart; Cabrera Decl. ¶ 56.)

I find that this settlement amount is fair and reasonable in the context of this case. When a proposed settlement agreement resolves both FLSA and non-FLSA claims, as here, I need only evaluate whether the FLSA portion of the settlement is fair and reasonable. *See Lopez v. Ploy Dee, Inc.*, No. 15-CV-647, 2016 WL 3637103, at *2 (S.D.N.Y. June 29, 2016) ("*Lopez II*") (citing *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015)). I note that the parties' Agreement does not allocate the total settlement amount between Plaintiff's FLSA and non-FLSA claims, and that at least one court in this District has rejected a FLSA settlement for this reason. *Cf. id*. (rejecting settlement because agreement did "not indicate how much of the settlement amount constitute[d] payment for [the plaintiff's] non-FLSA claims"). The parties' omission of this information from the Agreement here, however, does not preclude my evaluation of whether it is fair and reasonable. Unlike the plaintiff in *Lopez*, here Plaintiff has provided calculations of both her FLSA damages and her non-FLSA damages. *Cf. id*.; *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647, 2016 WL 1626631, at *2 (S.D.N.Y. Apr. 21, 2016) ("*Lopez I*") (discussing settlement amount relative only to FLSA claims). Thus, there is sufficient information to estimate the amount Plaintiff is receiving to settle her FLSA claims.

The damages calculations provided by Plaintiff demonstrates that the potential recovery of her FLSA claims represents approximately 34.5% of her total potential recovery. (Damages Chart.) It follows that Plaintiff is receiving approximately $15,525 for her FLSA claims, 20% of the $76,916 potential recovery value of the FLSA claims. Courts regularly approve FLSA settlement amounts that represent similar proportions of the total potential recovery. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-CV-1992, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (collecting cases).

Other features of the Agreement suggest that the settlement amount is fair and reasonable. The parties achieved a settlement relatively early in the litigation before a court-appointed mediator, suggesting that the parties settled through an arm's-length negotiation that avoided the costs of protracted litigation. *See Diaz v. Scores Holding Co.*, No. 07-CV-8718, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011). I note as well that Plaintiff likely would have needed to retain an expert to establish her entitlement to the emotional damages she claimed as part of her discrimination claim, a litigation expense avoided by settlement. On top of this and other costs of litigation avoided, because Defendants are a small business and its owners, there is a risk that even if Plaintiff had achieved a greater result at trial, she would be unable to collect on the judgment. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount and Agreement appears to be a fair and reasonable resolution of this dispute.

### B.    *Remaining Settlement Provisions*

I have reviewed the Agreement and have not identified any provisions that would lead me to reject it. Although the Agreement's release provision encompasses more than Plaintiff's wage-and-hour claims, (Agreement ¶ 2(b)), I do not find that it is impermissibly overbroad,

because Plaintiff settled both FLSA and non-FLSA claims. *See Gaspar*, 2015 WL 7871036, at *2 (explaining that an agreement may contain a release of non-FLSA claims when the release is given in exchange for settling both FLSA claims and non-FLSA claims "that happen[] to be settled in the same agreement"). Similarly, although the Agreement contains a non-disparagement provision, there is a specific carve-out that permits Plaintiff to "discuss[] the allegations giving rise to or regarding her claims under the FLSA," and the Agreement permits Plaintiff to refer to truthful information and information that is available on the public docket. (Agreement ¶ 8.) *Cf. Baikin v. Leader Sheet Metal, Inc.*, No. 16-CV-8194, 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (refusing to approve settlement that contained non-disparagement provision without a truthful-statement carve-out). There is no confidentiality provision in the Agreement. *See Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 6798807, at *4 (S.D.N.Y. Nov. 6, 2015) ("[T]he Court is of the view that it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA.").

Accordingly, I find that the terms of the Agreement are appropriate.

### C.    *Attorneys' Fees*

I next consider the attorneys' fees contemplated by the parties. The Agreement provides that Plaintiff's attorneys will receive $15,682.03, (Agreement ¶ 3(d)), the parties explain this payment is compensation for $14,659.99 in attorneys' fees and $1,023.04 in costs, (Ltr. at 4). The attorneys' fees thus represent about 33% of the settlement amount. Counsel for Plaintiff has provided invoices for the costs of service and translation. (Doc. 74-1.) The time records Plaintiff's attorneys have submitted document a total of 149.2 hours spent on this case: 2.4 hours at a rate of $575 per hour; 33.7 hours at $525 per hour; 0.1 hours at $435 per hour; 80.8 hours at $375 per hour; 19.5 at $350 per hour; and $12.8 at $325 per hour; for a total of $60,438.50.

(Doc. 74-2.) Plaintiff's counsel expended time on at least the following: investigating Plaintiffs' claims, drafting the operative pleading, drafting discovery requests and reviewing responses, litigating a default judgment, preparing damages computations, and finally negotiating and executing the settlement. (*Id*.) Whether I evaluate the fees requested—$14,659.99—as a percentage of the settlement fund or compared to the lodestar—$60,438.50—they are within the range of fee awards that courts in this District routinely approve. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105, 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." (internal quotation marks omitted)); *Alvarez v. Fine Craftsman Grp., LLC*, No. 20-CV-10452, 2024 WL 3730569, at *3 (S.D.N.Y. Aug. 6, 2024) (collecting cases and noting that "[c]ourts in this district have approved hourly rates for partners of $600 per hour in FLSA and NYLL suits"). Based on this analysis, I find the attorneys' fees contemplated in the Agreement to be fair and reasonable.

### III.  Conclusion

For the foregoing reasons, it is hereby:

**ORDERED** that the Agreement of the parties is APPROVED.

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:  January 3, 2025
        New York, New York

_____
Vernon S. Broderick
United States District Judge